UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD PERSAUD,

        Petitioner,        Case No. 23-cv-12374
                                                 Hon. Linda V. Parker

v.

E. RARDIN, WARDEN,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

In this habeas case filed pursuant to 28 U.S.C. § 2241, FCI Milan inmate Harold Persaud ("Petitioner") challenges the validity of his convictions in the United States District Court for the Northern District of Ohio.

### I. Factual and Procedural Background

In 2014, Petitioner was charged in the Northern District of Ohio with one count of health-care fraud, contrary to 8 U.S.C. § 1347; fourteen counts of making false statements relating to healthcare matters, contrary to 18 U.S.C. § 1035; and one count of money laundering, contrary to 18 U.S.C. § 1957.

The Government alleged that Petitioner, a cardiologist, ordered unnecessary tests and overestimated the amount of arterial blockage in patients to justify costly interventional procedures. Petitioner was also accused of overreporting the

complexity of his patients' medical issues to maximize reimbursement from Medicare and private insurers. After a one-month trial, a jury convicted Petitioner on all but one of the false-statement counts. The court sentenced Petitioner to twenty years of imprisonment and ordered over $5,000,000 in restitution. Petitioner filed a direct appeal, and the Sixth Circuit affirmed. *United States v. Persaud*, 866 F.3d 371 (6th Cir. 2017).

Petitioner then filed a motion for post-conviction relief under 28 U.S.C. § 2255, claiming ineffective assistance of trial and appellate counsel. The district court denied the motion. The Sixth Circuit denied Petitioner's motion for a certificate of appealability. *Persaud v. United States*, No. 19-3041, 2019 WL 11880611 (6th Cir. Mar. 28, 2019); (ECF No. 1 at PageID. 4 ¶10(a)).

Petitioner, thereafter, sought permission to file a second motion under § 2255, asserting another claim of ineffective assistance of counsel, but he was denied authorization by the Sixth Circuit. *In re Persaud*, No. 20-3422 (6th Cir. October 7, 2020); (ECF No. 1 at PageID. 4 ¶10(b)).

Petitioner brings this action under 28 U.S.C. § 2241, claiming that he is entitled to a new trial and other relief because he was denied the effective assistance of trial and appellate counsel. (ECF No. 1, PageID.6-9.) Petitioner asserts that he is entitled to proceed under § 2241 on account of new evidence demonstrating his innocence, and that his remedy under § 2255 is "inadequate or

2

ineffective" because he does not meet the standard for filing a successive § 2255 motion. (*See* ECF No. 1 at PageID. 2 ¶ 5, PageID. 10).

## II.   Applicable Law and Analysis

At issue here is the availability of habeas relief under 28 U.S.C. § 2241 for a federal prisoner challenging his federal conviction when he is procedurally barred from seeking relief under 28 U.S.C. § 2255.

Section 2255 provides the primary mechanism for a federal prisoner to pursue post-conviction review of his federal conviction or sentence. *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Motions under § 2255 are heard in the court of conviction. *See* 28 U.S.C. § 2255(a). Several procedural limitations, however, limit the availability of § 2255 review. For example, a § 2255 motion is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Additionally, a defendant seeking to file a second or successive § 2255 motion must first obtain authorization from the Court of Appeals by showing that the claims are based on newly available evidence or on a new retroactively applicable constitutional rule. *See* 28 U.S.C. § 2255(h).

Section 2241, on the other hand, generally concerns actions seeking habeas relief related to "'the execution or manner in which the sentence is served'- those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir.

3

2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999)). Proceedings under this provision are heard in the district where the petitioner is incarcerated. 28 U.S.C. § 2241(a).

As a general rule then, a federal prisoner challenging his conviction must seek relief in the court of conviction under § 2255, and a federal prisoner challenging something that happened at his prison seeks relief in the district where he is incarcerated under § 2241. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016).

There is an exception. Section 2255(e) contains a "saving clause" that allows a federal prisoner to challenge his conviction or sentence in a § 2241 petition filed in the district where he is incarcerated if he can demonstrate that his remedy under § 2255 is "inadequate or ineffective." *See Charles*, 180 F.3d at 756.

In this Circuit, until very recently, federal prisoners could demonstrate that their remedy under § 2255 was "inadequate or ineffective" by pointing to some of the procedural limitations contained in § 2255 that prevented them from filing a motion under that section. For example, a federal prisoner was allowed to proceed under § 2241 where the challenge to his conviction or sentence was based on a new retroactive rule of statutory interpretation, yet § 2255(f) or (h) (the statute of limitations and successive petition rules) prevented them from filing a § 2255 motion. *See, e.g., McCormick v. Butler*, 977 F.3d 521 (6th Cir. 2020); *Hill*, 836

4

F.3d at 599-600. A body of caselaw developed in this Circuit and others establishes the various requirements for this exception.

All that changed when the Supreme Court decided that § 2255(e)'s saving clause cannot be used as "end run" around the procedural limitations placed on post-conviction review by another provision of § 2255. *See Jones v. Hendrix*, 599 U.S. 465, 477 (2023). The Court found in *Jones* that the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 478; *Garner v. Gilley*, No. 23-5114, 2023 WL 5525050, at *2 (6th Cir. Aug. 23, 2023). An example of the type of unusual circumstance contemplated is where the sentencing court no longer exists. *See Jones*, 599 U.S. at 474 (citing *Witham v. United States*, 355 F. 3d 501, 504-05 (6th Cir. 2004)) ("A motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose.").

The procedural limitations for seeking review under § 2255 are not the type of circumstances that render review under that section "inadequate or ineffective." In *Jones,* the Court bluntly stated that the inability of a prisoner to satisfy the requirements of § 2255(h) for filing a successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480.

5

Here, Petitioner already unsuccessfully attempted to seek post-conviction review under § 2255 in the Northern District of Ohio. Conceding that he does not meet the requirements for filing a successive motion under § 2255(h), Petitioner asserts that he is therefore entitled to proceed under the savings clause and § 2241 because new evidence proves that he is innocent.

The argument fails for two reasons. First, as held by *Jones*, the fact that a successive § 2255 motion would be barred under § 2255(h), is not a circumstance that makes Petitioner's remedy "inadequate or ineffective" under the savings clause. Rather, the fact he cannot satisfy the requirements of § 2255(h) means "he cannot bring [his claims] at all." *Id.*

Second, Petitioner's claim that he has discovered new evidence demonstrating his innocence works at cross-purposes with his argument that he has no adequate or effective remedy under § 2255. Under § 2255(f)(4), the statute of limitations for filing a § 2255 motion runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." And under § 2255(h)(1), a successive § 2255 motion is permitted if Petitioner can demonstrate that it is based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." In other words, if

Petitioner's new evidence and actual innocence claims have merit, there is no procedural barrier preventing him from seeking review under § 2255 in a successive motion, and his remedy under that section is adequate and effective. *See Boyd v. Quintana*, No. 17-6276, 2018 WL 5749374, at *2 (6th Cir. July 16, 2018) (alterations added) (citing 28 U.S.C. § 2255(h)) ("[I]f [petitioner] truly possesses newly discovered evidence establishing his actual innocence, he could seek permission to file a second or successive § 2255 motion.").

If Petitioner seeks to challenge his conviction in a successive § 2255 motion based on newly discovered evidence, he is permitted to follow the procedures set forth in 28 U.S.C. § 2244(b)(3)(A), which requires an order before the appropriate court of appeals authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

Accordingly, Petitioner fails to demonstrate that review under § 2255 is "inadequate or ineffective," and that he is entitled to proceed under § 2241 with claims challenging his conviction. The Court, therefore, lacks jurisdiction to adjudicate his petition. *See Owens*, 990 F.3d at 499-500.[1]

---

[1] The Court is in receipt of Petitioner's February 13, 2024 letter requesting the assistance of counsel. While the court does not construe Petitioner's request as a motion, the Court lacks jurisdiction over his habeas claims and therefore lacks jurisdiction to grant his relief.

### III. Conclusion and Order

For these reasons, the Court **SUMMARILY DISMISSES** the petition. *See* 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases.

The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith. Petitioner is therefore **DENIED** permission to appeal this decision *in forma pauperis*.

Finally, the Court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 26, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 26, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager